OLF3 (Official Local Form 3)

## United States Bankruptcy Court
## District of Massachusetts, Worcester Division

In re:

**Cournoyer, Paul F. & Cournoyer, Sandra J.**
Debtor(s)

Case No. 19-40395-CJP

Chapter 13

## CHAPTER 13 PLAN

Check one. This plan is:
[X] Original
[ ] _____ Amended (Identify First, Second, Third, etc.)
[ ] Postconfirmation (Date Order Confirming Plan Was Entered: _____)

Date this plan was filed: **April 9, 2019**

---

### PART 1:                                                    NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**
**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.B.3 | [X] Included | [ ] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [ ] Included | [X] Not included |

---

### PART 2:                                    PLAN LENGTH AND PAYMENTS

**A.      LENGTH OF PLAN:**

[X] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

OLF3 (Official Local Form 3)

Total of prepetition arrears to be paid through this Plan [(a) + (b)]: $ **12,458.87**

(2)    MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to the creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claim(s) listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Town of Webster | Mortgage | 60 Poland Street |
| Wells Fargo Hm Mortgage | Mortgage | 60 Poland Street |

**B.**    MODIFICATION OF SECURED CLAIMS:

Check one.
[ ] None. If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.

[X] Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below. Complete 1, 2, and/or 3 below.

(1)    REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:

[X] None. If "None" is checked, the rest of Part 3.B.1 need not be completed or and may be deleted from this Plan.

(2)    SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:

[X] None. If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.

(3)    LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):

[ ] None. If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.

**The following Plan provisions of Part 3.B.3 are effective only if the box "Included" in Part 1, Line 1.2 is checked.**

The judicial lien(s) and/or nonpossessory, nonpurchase-money security interest(s) securing the claim(s) listed below impairs exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b).

Subject to 11 U.S.C. § 349(b), a judicial lien or nonpossessory, nonpurchase-money security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming this Plan. The amount of the judicial lien or nonpossessory, nonpurchase-money security interest that is avoided will be treated as a nonpriority unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or nonpossessory, nonpurchase-money security interest that is not avoided will be paid in full as a secured claim under this Plan provided a Proof of Claim is filed and allowed.

For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall include the information below. The Debtor(s) also shall complete the chart set forth in Exhibit 3 to this Plan and shall attach to Exhibit 3 a true and accurate copy of the document evidencing such judicial lien as filed or recorded with filing or recording information included. The Debtor(s) shall include the evidentiary basis for the valuation asserted. For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall provide a proposed form(s) of order as Exhibit 4 conforming to Official Local Form 21A. If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table in Exhibit 3 for each lien, and identify the tables as Exhibits 3.1, 3.2, etc.

The claim(s) identified below must also be set forth in Exhibit 3.

| Name of Creditor | Exhibit Table (e.g., 3, 3.1, 3.2) |
|---|---|
| Discover Bank | 3.1 |
| LVNV FUNDING, LLC /Citibank | 3.2 |
| Midland Funding LLC/Citibank Dividend | 3.3 |
| Rachel Holding Corp | 3.4 |
| Washington Mutual Bank | 3.5 |

OLF3 (Official Local Form 3)

Total Claim(s) under Part 3.B.3 to be paid through this Plan: $ 0.00

C.    SURRENDER OF COLLATERAL:

Check one.
[X]  **None**. If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.

| PART 4: | PRIORITY CLAIMS |
|---------|-----------------|

Check one.
[ ] **None.** If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.

[X] **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

A.    DOMESTIC SUPPORT OBLIGATIONS:

| Name of Creditor | Description of Claim | Amount of Claim |
|------------------|----------------------|-----------------|
| **Massachusetts Department of Revenue** | **Child Support Owed** | **$1,900.73** |

B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):

| Name of Creditor | Description of Claim | Amount of Claim |
|------------------|----------------------|-----------------|
| None | | |

Total of Priority Claims (except Administrative Expenses) to be paid through this Plan: $1,900.73

C.    ADMINISTRATIVE EXPENSES:

    1.    ATTORNEY'S FEES:

| Name of Attorney | Attorney's Fees |
|------------------|-----------------|
| None | |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR, Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

    2.    OTHER (Describe):
          None
Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [1 + 2]: $ 0.00

    3.    TRUSTEE'S COMMISSION:

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

| PART 5: | NONPRIORITY UNSECURED CLAIMS |
|---------|------------------------------|

Check one.
[ ] **None**. If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.

OLF3 (Official Local Form 3)

**[X] Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

> [ ]   Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ ____, which the Debtor(s) estimates will provide a dividend of ____%.
>
> [ X ] Fixed Percentage: each creditor with an allowed claim shall receive no less than **100** % of its allowed claim.

**A.**   **GENERAL UNSECURED CLAIMS:**                                    **$ 3,996.00**

**B.**   **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Discover Bank | 60 Poland Street Webster, MA 01570 | 0.00 |
| LVNV FUNDING, LLC /Citibank | 60 Poland Street Webster, MA 01570 | 0.00 |
| Midland Funding LLC/Citibank Dividend | 60 Poland Street Webster, MA 01570 | 0.00 |
| Rachel Holding Corp | 60 Poland Street Webster, MA 01570 | 0.00 |
| Washington Mutual Bank | 60 Poland Street Webster, MA 01570 | 0.00 |

**C.**   **NONDISCHARGEABLE UNSECURED CLAIMS (e.g., student loans):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

**D.**   **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

**E.**   **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to any nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.**

**Total Nonpriority Unsecured Claims [A + B + C + D]: $ 3,996.00,**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $ **3,996..00**

**F.**   **SEPARATELY CLASSIFIED UNSECURED CLAIMS (e.g., co-borrower):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis of Separate Classification |
|---|---|---|---|---|
| None | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $ 0.00**

## PART 6:                  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Check one.
**[X] None.** If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.

**[ ] The executory contract(s) and/or unexpired lease(s) listed are assumed and will be treated as specified below. Any other executory contract(s) and/or unexpired lease(s) is rejected. Postpetition contractual payments will be made directly by the Debtor(s). Arrearage payments will be disbursed by the Trustee.**

**A.**   **REAL PROPERTY LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

OLF3 (Official Local Form 3)

### B.   MOTOR VEHICLE LEASES:

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

### C.   OTHER CONTRACTS OR LEASES:

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

Total amount of arrears to be paid through this Plan: $   0.00

## PART 7:                    POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8:                    NONSTANDARD PLAN PROVISIONS

Check one.
[X] **None**. If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.
[ ] **This Plan includes the following nonstandard provisions.** Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.

**The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.**

## PART 9:                                SIGNATURES

By signing this document, the Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| | |
|---|---|
| /s/ Paul F. Cournoyer | 4/9/2019 |
| Debtor | Date |

| | |
|---|---|
| /s/ Sandra J. Cournoyer | 4/9/2019 |
| Debtor | Date |

| | |
|---|---|
| /s/Jeneen M. Moran | 4/9/2019 |
| Signature of attorney for Debtor(s) | Date |

Print name: **Jeneen M. Moran**
BBO Number (if applicable): **672377**
Firm name (if applicable): **Law Offices of Jeneen M. Moran, LLC**

OLF3 (Official Local Form 3)

**461 Ware Corner Rd**
**Oakham, MA  01068-9628**
Telephone:**(508) 917-8566**
Email Address:**2jmoranlaw@verizon.net**

The following Exhibits are filed with this plan:

**[X] Exhibit 1: Calculation of Plan Payment***
**[X] Exhibit 2: Liquidation Analysis***
**[X] Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)****
**[X] Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption****

List additional exhibits if applicable.

*denotes a required exhibit
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, including Exhibits:    19**

OLF3 (Official Local Form 3)

## EXHIBIT 1

## CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a) Secured claims (Part 3.A and Part 3.B.1-3 Total): | $ **12,458.87** |
| b) Priority claims (Part 4.A and Part 4.B Total): | $ **1,900.73** |
| c) Administrative expenses (Part 4.C.1 and Part 4.C.2 Total): | $ **0.00** |
| d) Nonpriority unsecured claims (Part 5.E Total): | $ **3,996.00** |
| e) Separately classified unsecured claims (Part 5.F Total): | $ **0.00** |
| f) Executory contract/lease arrears claims (Part 6 Total): | $ **0.00** |
| g) Total of (a) +(b) + (c) + (d) + (e) + (f): | $ **18,355.60** |
| h) Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $ **20,395.11** |
| i) Divide (h), Cost of Plan, by term of Plan, **36** months: | $ **566.53** |
| j) Round **up** to the nearest dollar amount for Plan payment: | $ **567.00** |

**If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:**

| | |
|---|---|
| k) Enter total amount of payments the Debtor(s) has paid to the Trustee: | $ _____ |
| l) Subtract line (k) from line (h) and enter amount here: | $ _____ |
| m) Divide line (l) by the number of months remaining ( _____ months): | $ _____ |
| n) Round **up** to the nearest dollar amount for amended Plan payment: | $ _____ |
| Date the amended Plan payment shall begin: | _____ |

OLF3 (Official Local Form 3)

EXHIBIT 2

LIQUIDATION ANALYSIS

A.  REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Total Liens (Sch. D, Part 1) | Exemption Claimed (Sch. C) |
|---|---|---|---|
| 60 Poland Street | 200,000.00 | 288,979.91 | 0.00 |

Total Value of Real Property (Sch. A/B, line 55):  $ 200,000.00
Total Net Equity for Real Property (Value Less Liens):  $ 0.00
Less Total Exemptions for Real Property (Sch. C):  $ 0.00
    Amount Real Property Available in Chapter 7:  $ 0.00

B.  MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Amount of Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 2004 Chevrolet Silverado 1500 4WD | 2,722.00 | 0.00 | 2,722.00 |

Total Value of Motor Vehicles:  $ 2,722.00
Total Net Equity for Motor Vehicles (Value Less Liens):  $ 2,722.00
Less Total Exemptions for Motor Vehicles (Sch. C):  $ 2,722.00
    Amount Motor Vehicle Available in Chapter 7:  $ 0.00

C.  ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| (2) Television sets | 100.00 | 0.00 | 100.00 |
| Berkshire Bank | 13.94 | 0.00 | 13.94 |
| Cash - pocket money | 60.00 | 0.00 | 60.00 |
| Jewelry including wedding rings | 1,200.00 | 0.00 | 1,200.00 |
| Miscellaneous household goods and furnishings including living r | 750.00 | 0.00 | 750.00 |
| Santander Bank | 0.16 | 0.00 | 0.16 |
| Wearing apparel - personal clothing | 300.00 | 0.00 | 300.00 |

Total Value of All Other Assets:  $ 2,424.10
Total Net Equity for All Other Assets (Value Less Liens):  $ 2,424.10
Less Total Exemptions for All Other Assets:  $ 2,424.10
    Amount All Other Assets Available in Chapter 7:  $ 0.00

D.  SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A.) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B.) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C.) | $ 0.00 |

TOTAL AVAILABLE IN CHAPTER 7:  $ 0.00

E.  ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

OLF3 (Official Local Form 3)

EXHIBIT 3.1
11 U.S.C. § 522(f)

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B(3).*

| Information Regarding Judicial Lien or Security Interest | | |
|---|---|---|
| Name of Debtor(s):* | **Sandra J. Whitney a/k/a Sandra Whitney** | |
| Name of Creditor: | **Discover Bank** | |
| Collateral: **60 Poland Street** | | |
| Lien Identification:** (e.g., judgment date, date of lien recording, book and page number.) | Judgment entered on 10/21/2008 Recorded in Book 43599, Page 195 | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | 4,146.90 | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | 270,166.12 | |
| (c) Value of claimed exemptions: | 0.00 | |
| (d) Total (a), (b), and (c): | 274,312.12 | |
| (e) Value of interest in property of the Debtor(s):*** | 200,000.00 | |
| (f) Subtract (e) from (d): Extent of exemption impairment: (Check applicable box below) | 74,312.12 | |
| [X] The entire lien is avoided as (f) is equal to or greater than (a). (Do not complete the next section.) | | |
| [ ] A portion of the lien is avoided as (f) is less than (a). (Complete the next section.) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance: (subtract (f) from (a)): | | |
| Interest Rate (if applicable): | | |
| Monthly payment on secured claim: | | |
| Estimated total payment on secured claim: | | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | [X] Individual Debtor Name **Sandra J. Whitney** | [ ] Joint Debtors |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included.  A **true copy of the above lien is attached** as Exhibit "A" | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): **Copy of the Market Analysis is attached as Exhibit "F"** | | |

OLF3 (Official Local Form 3)

## EXHIBIT 3.2
### 11 U.S.C. § 522(f)

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B(3).*

| Information Regarding Judicial Lien or Security Interest | | |
|---|---|---|
| Name of Debtor(s):* | **Sandra J. Whitney** | |
| Name of Creditor: | **LVNV FUNDING, LLC As Assignee of Citibank / Sears Charge Plus** | |
| Collateral:<br>**60 Poland Street** | | |
| Lien Identification:** (e.g., judgment date, date of lien recording, book and page number.) | Judgment entered on 06/16/2011<br>Recorded in Book 47609, Page 253 | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | 3,750.77 | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | 270,166.12 | |
| (c) Value of claimed exemptions: | 0.00 | |
| (d) Total (a), (b), and (c): | **273,916.89** | |
| (e) Value of interest in property of the Debtor(s):*** | 200,000.00 | |
| (f) Subtract (e) from (d):<br>Extent of exemption impairment: (Check applicable box below) | **73,916.89** | |
| [X] The entire lien is avoided as (f) is equal to or greater than (a). (Do not complete the next section.) | | |
| [ ] A portion of the lien is avoided as (f) is less than (a). (Complete the next section.) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance: (subtract (f) from (a)): | | |
| Interest Rate (if applicable): | | |
| Monthly payment on secured claim: | | |
| Estimated total payment on secured claim: | | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | [X] Individual Debtor<br>Name **Sandra J. Whitney** | [ ] Joint Debtors |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included.  **A true copy of the above lien is attached as Exhibit "B"** | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s):<br>**Market Analysis is attached as Exhibit "F"** | | |

OLF3 (Official Local Form 3)

EXHIBIT 3.3
11 U.S.C. § 522(f)

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the
table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B(3).*

| Information Regarding Judicial Lien or Security Interest | | |
|---|---|---|
| Name of Debtor(s):* | **Sandra Whitney** | |
| Name of Creditor: | **Midland Funding LLC Assignee for Citibank/Dividend** | |
| Collateral:<br>**60 Poland Street** | | |
| Lien Identification:** (e.g., judgment date, date of lien recording, book and page number.) | Judgment entered on 07/08/2009<br>Recorded in Book 45199 Page 317 | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | 1,562.56 | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | 270,166.12 | |
| (c) Value of claimed exemptions: | 0.00 | |
| (d) Total (a), (b), and (c): | **271,728.68** | |
| (e) Value of interest in property of the Debtor(s):*** | 200,000.00 | |
| (f) Subtract (e) from (d):<br>Extent of exemption impairment: (Check applicable box below) | 71,728.68 | |
| [X] The entire lien is avoided as (f) is equal to or greater than (a). (Do not complete the next section.) | | |
| [ ] A portion of the lien is avoided as (f) is less than (a). (Complete the next section.) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance: (subtract (f) from (a)): | | |
| Interest Rate (if applicable): | | |
| Monthly payment on secured claim: | | |
| Estimated total payment on secured claim: | | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | [X] Individual Debtor<br>Name **Sandra Whitney** | [ ] Joint Debtors |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. **A true copy of the above lien is attached as Exhibit "C"** | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s):<br>**Copy of the Market Analysis is attached as Exhibit "F"** | | |

OLF3 (Official Local Form 3)

## EXHIBIT 3.4
### 11 U.S.C. § 522(f)

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B(3).*

| Information Regarding Judicial Lien or Security Interest | | |
|---|---|---|
| Name of Debtor(s):* | **Sandra Whitney a/k/a Sandra J. Whitney** | |
| Name of Creditor: | **Rachel Holding Corp.,** | |
| Collateral:<br>**60 Poland Street** | | |
| Lien Identification:** (e.g., judgment date, date of lien recording, book and page number.) | Judgment entered on 05/05/2010<br>Recorded in Book 45923, Page 352 | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | 6,199.96 | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | 270,166.12 | |
| (c) Value of claimed exemptions: | 0.00 | |
| (d) Total (a), (b), and (c): | 276,366.08 | |
| (e) Value of interest in property of the Debtor(s):*** | 200,000.00 | |
| (f) Subtract (e) from (d):<br>Extent of exemption impairment: (Check applicable box below) | 76,366.08 | |
| [X] The entire lien is avoided as (f) is equal to or greater than (a). (Do not complete the next section.) | | |
| [ ] A portion of the lien is avoided as (f) is less than (a). (Complete the next section.) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance: (subtract (f) from (a)): | | |
| Interest Rate (if applicable): | | |
| Monthly payment on secured claim: | | |
| Estimated total payment on secured claim: | | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | [X] Individual Debtor<br>Name __**Sandra J. Whitney**__ | [ ] Joint Debtors |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included.  A true copy of the above lien is attached as Exhibit "D"** | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s):<br>**Market Analysis is attached as Exhibit "F"** | | |

OLF3 (Official Local Form 3)

## EXHIBIT 3.5
### 11 U.S.C. § 522(f)

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B(3).*

| Information Regarding Judicial Lien or Security Interest | | |
|---|---|---|
| Name of Debtor(s):* | **Sandra Whitney** | |
| Name of Creditor: | Atlantic Credit & Finance, Inc As Assignee for Washington Mutual Bank | |
| Collateral:<br>**60 Poland Street** | | |
| Lien Identification:** (e.g., judgment date, date of lien recording, book and page number.) | Judgment entered on 01/29/2009<br>Recorded in Book 44060, Page 280 | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | 3,153.60 | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | 270,166.12 | |
| (c) Value of claimed exemptions: | 0.00 | |
| (d) Total (a), (b), and (c): | 273,319.72 | |
| (e) Value of interest in property of the Debtor(s):*** | 200,000.00 | |
| (f) Subtract (e) from (d):<br>Extent of exemption impairment: (Check applicable box below) | 73,319.72 | |
| [X] The entire lien is avoided as (f) is equal to or greater than (a). (Do not complete the next section.) | | |
| [ ] A portion of the lien is avoided as (f) is less than (a). (Complete the next section.) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance: (subtract (f) from (a)): | | |
| Interest Rate (if applicable): | | |
| Monthly payment on secured claim: | | |
| Estimated total payment on secured claim: | | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | [X] Individual Debtor<br>Name __**Sandra Whitney**__ | [ ] Joint Debtors |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included.  **A true copy of the above lien is attached as Exhibit "E"** | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s):<br>**Market Analysis is attached as Exhibit "F"** | | |

OLF3 (Official Local Form 3)

**EXHIBIT 4.1**

**United States Bankruptcy Court**
**District of Massachusetts, Worcester Division**

In re:                                                                    Case No. _____

**Cournoyer, Paul F. & Cournoyer, Sandra J.**                Chapter **13** _____
                            Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of Discover Bank_____ [name of creditor] pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of _____ Discover Bank _____ recorded on _____ 12/17/2008 ___ [date] at ____Worcester District Registry of Deeds_____ at _Book 43599, Page 195_____ impairs the Debtor(s)' exemption in _60 Poland Street , Webster, Massachusetts ___01570_____ [address of property or other description] (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

_____
United States Bankruptcy Judge

OLF3 (Official Local Form 3)

## EXHIBIT 4.2

### United States Bankruptcy Court
### District of Massachusetts, Worcester Division

In re:                                                                Case No. _____

**Cournoyer, Paul F. & Cournoyer, Sandra J.**                          Chapter **13** _____
                            Debtor(s)

### ORDER AVOIDING LIEN IMPAIRING EXEMPTION*

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of LVNV Funding LLC, As  Assignee of Citibank / Sears Charge Plus   [name of creditor] pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of _____ LVNV Funding LLC, As Assignee of Citibank / Sears Charge Plus _____ recorded on _____07/18/2011___[date] at ___Worcester District Registry of Deeds_____ at _Book 47609, Page 253_____ impairs the Debtor(s)' exemption in _60 Poland Street , Webster, Massachusetts ___01570_____ [address of property or other description] (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

_____

United States Bankruptcy Judge

OLF3 (Official Local Form 3)

**EXHIBIT 4.3**

**United States Bankruptcy Court**
**District of Massachusetts, Worcester Division**

In re:                                                                              Case No. _____

**Cournoyer, Paul F. & Cournoyer, Sandra J.**                      Chapter **13** _____
                            Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

      Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of <u>Midland</u> <u>Funding LLC As Assignee for Citibank / Dividend</u>_____ [name of creditor] pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

      The Court hereby orders and decrees that the lien of _____ <u>Midland Funding LLC As Assignee for Citibank / Dividend</u> _____ recorded on _____<u>12/07/2009</u>___[date] at ___<u>Worcester District Registry of Deeds</u>_____ at <u>Book 45199, Page 317</u>_____ impairs the Debtor(s)' exemption in <u>60 Poland Street , Webster, Massachusetts ___01570</u>_____ [address of property or other description] (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

                    By the Court,

                    _____

                    United States Bankruptcy Judge

OLF3 (Official Local Form 3)

**EXHIBIT 4.4**

**United States Bankruptcy Court**
**District of Massachusetts, Worcester Division**

In re:                                                                      Case No. _____

**Cournoyer, Paul F. & Cournoyer, Sandra J.**                Chapter **13** _____
                              Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

        Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of _Rachel Holding Corp.,_____ [name of creditor] pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

        The Court hereby orders and decrees that the lien of _____ Rachel Holding Corp.,_____ recorded on _____06/17/2010___[date] at ___Worcester District Registry of Deeds_____ at _Book 45923, Page 352_____ impairs the Debtor(s)' exemption in _60 Poland Street , Webster, Massachusetts __01570_____ [address of property or other description] (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

                                                                      By the Court,

                                                                      _____
                                                                      United States Bankruptcy Judge

OLF3 (Official Local Form 3)

**EXHIBIT 4.5**

**United States Bankruptcy Court**
**District of Massachusetts, Worcester Division**

In re:                                                          Case No. _____

**Cournoyer, Paul F. & Cournoyer, Sandra J.**          Chapter **13**_____
                                        Debtor(s)

### ORDER AVOIDING LIEN IMPAIRING EXEMPTION*

        Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of Atlantic Credit & Finance  Inc ., As Assignee for Washington Mutual Bank      [name of creditor] pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

        The Court hereby orders and decrees that the lien of _____ Atlantic Credit & Finance Inc., As Assigner for Washington Mutual Bank _____ recorded on _____04/08/2009___[date] at ___Worcester District Registry of Deeds_____ at _Book 44060, Page 280_____ impairs the Debtor(s)' exemption in _60 Poland Street , Webster, Massachusetts __01570_____ [address of property or other description] (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

                                                        By the Court,


                                                        _____
                                                        United States Bankruptcy Judge

*OLF3A (Official Local Form 3A)*

## UNITED STATES BANKRUPTCY COURT
### District of Massachusetts, Worcester Division

In re

Cournoyer, Paul F. & Cournoyer, Sandra J.

Case No:

Debtors                                                                    Chapter 13

**Instructions to Debtor(s):**

A.  Pursuant to MLBR, Appendix 1, Rule 13-4(b), the Debtor(s) or Debtor(s)'s attorney shall cause a copy of the Plan to be served by first class mail or other permitted means upon the Chapter 13 trustee, all creditors of the debtor, all attorneys who have filed a notice of appearance and request service of all pleadings, and other parties in interest (collectively referred to as the "recipients") using this form, Official Local Form 3A ("OLF 3A"). You must list each recipient's name and mailing address in the Certificate of Service. Do not include account numbers or any personal identifier. See Fed. R. Bankr. P. 9037.

B.  **If in the Plan you request:**
    **(1) to limit, modify, or determine the amount of a secured claim (you checked the box "Included" in Part 1, Line 1.1); and/or**
    **(2) to avoid a judicial lien or nonpossessory, nonpurchase-money security interest (you checked the box "Included" in Part 1, Line 1.2 ),**
    **you must, in addition to serving the Plan as set forth above in Section A and using OLF 3A, ALSO serve a copy of this Plan on the holder(s) of the affected claim(s) and any other entity the Court designates in the manner provided for service in accordance with Fed. R. Bankr. P. 7004, using the Affidavit of Service of Chapter 13 Plan, Official Local Form 3B ("OLF 3B").**

C.  If serving creditors only under Section A, file only OLF 3A with the Court after service is made. If serving creditors also under Section B, you must file both OLF 3A and OLF 3B with the Court after service is made.

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I/We hereby certify that on _____ April 9, 2019 _____ (date) and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties listed below and on the attached list.

Chapter 13 Trustee                          U.S. Trustee
Denise M. Pappalardo                        446 Main Street
P.O. Box 16607                              14th Floor
Worcester, MA 01601                         Worcester, MA 01608

Wells Fargo Home Mortgage                   Paul F. Cournoyer
C/o Harmon Law Office, P.C.                 Sandra J. Cournoyer
Attn: Jennifer Carey                        60 Poland Street
P.O. Box 610389                             Webster, MA 01570
Newton Highlands, MA 02461

By the Debtor(s): _____

Signature of Debtor(s)/attorney for Debtor(s)
Jeneen M. Moran 672377
Law Offices of Jeneen M. Moran, LLC
461 Ware Corner Rd
Oakham, MA  01068-9628
(508) 917-8566
2jmoranlaw@verizon.net

Atlantic Credit & Finance, Inc
111 Franklin Rd SE
Roanoke, VA  24011-2134


Caine and Weiner
Attn: Bankruptcy
PO Box 5010
Woodland Hills, CA  91365-5010


Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT  84130-0285


Discover Bank
PO Box 15316
Wilmington, DE  19850-5316


Enchanced Recovery Corporation
8014 Bayberry Rd
Jacksonville, FL  32256-7412


EOS CCA
700 Longwater Dr
Norwell, MA  02061-1624


LVNV FUNDING, LLC
C/o Lustig, Glaser & Wilson, PC
PO Box 9127
Needham, MA  02492-9127

LVNV FUNDING, LLC /Citibank
C/o Lustig, Glaser & Wilson, PC
PO Box 9127
Needham, MA  02492-9127


Massachusetts Dept of Revenue,
PO Box 9564
Boston, MA  02114-9564


Midland Funding LLC/Citibank Dividend
C/o Law Offices of Howard Lee Schiff PC
340 Main St Ste 959
Worcester, MA  01608-1610


Peter Roberts & Associates, Inc.
231 E Main St Ste 201
Milford, MA  01757-2821


Portfolio Recovery Associates, LLC
PO Box 12903
Norfolk, VA  23541-0903


Rachel Holding Corp
C/o Gold & Vanaria, PC
12 Ingraham Ter
Springfield, MA  01105-1308


Sears Charge Plus
PO Box 79051
Phoenix, AZ  85062-9051

Town of Webster
350 Main St Ste 5
Webster, MA   01570-2292

Washington Mutual Bank
C/o Lustig, Glaser and Wilson
PO Box 9127
Needham, MA   02492-9127

Wells Fargo Bank, NA
C/o Harmon Law Offices, PC
150 California St
Newton, MA   02458-1005

Wells Fargo Hm Mortgage
PO Box 10335
Des Moines, IA   50306-0335